UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cv-03099 |
| | ) | |
| $24,550.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OF FORFEITURE IN REM**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem as a matter of course and alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

1

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## DEFENDANT

5. The Defendant is twenty-four thousand, five hundred and fifty dollars in United States Currency ("$24,550.00" or "Defendant Currency") (Asset Identification Number 20-CBP-000354). The Defendant Currency was taken into custody of the United States Department of Homeland Security, Homeland Security Investigations ("DHS-HIS") on May 26, 2020.

## FACTS

6. On December 10, 2019, the DHS-HSI Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of HSI officers in conjunction with Indiana State Police ("ISP"), and Indianapolis Metropolitan Police Department ("IMPD"), conducted a parcel / bulk cash smuggling interdiction operation at a parcel shipping company hub in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds. Shipping companies provide illegal controlled substances smugglers with many benefits such as faster delivery with predictable dates, package tracking, and delivery confirmation. Based on information and experience, task force officers can easily identify suspicious packages with indicators, such as newly bought boxes from the shipping company and excessive tape at the seams of the packages. Suspicious packages are typically sent via priority overnight shipping that has been paid for with cash. To preserve anonymity, smugglers often use addresses, telephone numbers, or names that are

falsified or incomplete.   Packages sent to known source states for illegal controlled substances (*e.g.*, Texas, Arizona, California) draw increased suspicion, as do those sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. Traffickers will often package in a layered manner in an attempt to avoid detection by trained narcotics detection canines.   The layered packaging is usually an attempt to mask or prevent any odors from escaping the interior of the package.   Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons along with the cash or monetary instruments – narcotics traffickers rarely include any type of instruction with the proceeds.

8. During the course of the operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7786 9314 7251 ("Parcel 7251") was identified as suspicious.   Parcel 7251 was addressed to Gerard Bun, 2168 South Atlantic Blvd., PMB 351, Monterey, California with a sender address of Matthew Juergens, 169 North Wilson Road, Apartment 113, Columbus, Ohio.

9. The package drew attention for several reasons, including that Parcel 7251 was a newly purchased box that had been sealed with more tape than necessary to seal the package. The printed label of Parcel 7251 was marked for overnight delivery, which was paid in cash. The parcel was sent from a residence to a shipping store by a non-business sender to a non-business receiver, and no signature or contact was needed to receive the parcel. In addition, Parcel 7251 was being sent to a source state (California).

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel 7251, along with other packages. The examination resulted in the canine's positive indication for the presence of the odor of a controlled substance on Parcel 7251.   The drug detection canine

had been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA and methamphetamine. This canine is trained not to detect uncontaminated United States currency.

11. The IMPD officer applied for a search warrant to inspect the interior of Parcel 7251 based on the suspicious appearance of the package and the canine's positive alert. On December 10, 2019, a Marion County Superior Court Judge granted the search warrant upon a finding of probable cause.

12. Task force officers opened Parcel 7251 and found it contained two boxes for toys, both of which contained United States currency in heat and vacuum-sealed plastic. As discussed above, these multi-layered packaging methods are commonly used by smugglers in an attempt to mask the presence of the odor of a controlled substance. There was no document or correspondence indicating the purpose for which the $24,550.00 in currency was shipped.






13. After the package was opened, officers conducted an inspection of the currency using the drug detection canine. The canine alerted for the presence of the odor of a controlled substance, indicating that the $24,550.00 had a threshold of controlled substance contamination.

14. As there was probable cause to seize the currency for violations of federal and state controlled substance laws, the $24,550.00 was seized and taken into custody by Indiana State Police, pending the issuance of a state turnover order.

15. On March 25, 2020, the Marion Superior Court issued its order transferring the Defendant Currency to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Docket 49D13-1910-MI-041038. Thereafter, the Defendant Currency was transferred to DHS-HSI, which subsequently transferred the Defendant Currency to DHS-Customs and Border Protection (CBP).

16. DHS-CBP sent notice to the sender and the intended recipient June 25, 2020, in an attempt to address the matter short of judicial forfeiture proceedings. The letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for judicial forfeiture proceedings. DHS-CBP confirmed that both letters were delivered. To date, no one not responded to the letter or contacted DHS-CBP.

17. A check of law enforcement database indicated that Matthew Juergens was

5

associated with the address on the label. Juergens criminal history reflected two drug-related convictions. The recipient was not associated with the address on the package and has not been identified.

18.     It is against Federal Express policy, as stated on its website, to ship cash via Federal Express.  *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/en-us/service-guide/terms/other-services.html.

## PERTINENT STATUTES AND REGULATIONS

19.     Under 21 U.S.C. § 841(a)(1), it shall be unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance; or…to possess with intent to distribute, or dispense a controlled substance.

20.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.  Pursuant to U.S.C. § 881(a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and, (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

21.     Based on the factual allegations set forth above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or   "proceeds traceable to such an exchange," and/or "moneys … used or

intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 841 and 846.   Consequently, the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By:   */s/ Kelly Rota*
Kelly Rota
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## **VERIFICATION**

I, Kevin Boyle, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  12/01/2020

_____
Kevin Boyle
Special Agent, HSI